## IN THE MATTER OF RONALD W. YOUNG.
### (SUPREME COURT DISCIPLINARY No. 555)
(362 SE2d 60)

PER CURIAM.

A complaint was filed against attorney Ronald W. Young by the State Disciplinary Board. Despite receiving an extension of time Young failed to answer the complaint against him with the result that the Special Master and the Review Panel of the State Disciplinary Board deemed the charges admitted according to Bar Rule 4-212 (a).

The charges were that a client paid Young a retainer to pursue a claim under a profit sharing plan with his former employer. No action was taken by Young. The client received no communication from Young as to the status of his claim. After about four months the client filed a complaint with the State Bar. Five letters were written over a period of four months by the office of General Counsel requesting Young to take action on the claim, communicate with his client or respond to the complaint. Young failed to take any action. He did not return the client's documents which had been entrusted to him nor did he return the fee.

The Review Panel concluded Young's conduct constituted violations of Standards 44, 22 and 23 of Bar Rule 4-102. We agree. We follow the recommendation for discipline of the Review Panel.

We hold that respondent Ronald W. Young be suspended from the practice of law for six months. We further hold that respondent's suspension continue in effect beyond expiration of that six-month period until such time as respondent has appropriately certified that he has submitted himself to the State Bar's Committee for Lawyer Impairment for evaluation and treatment being proper and necessary. It is ordered further that respondent notify his clients of his suspension pursuant to Bar Rule 4-219 (c) of the State Bar Rules.

*All the Justices concur.*

DECIDED NOVEMBER 24, 1987.

*William P. Smith III, General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.